MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
6140 Stoneridge Mall Drive #250
Pleasanton, California 94588
(925) 621-1900

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CHAPTER 13 |
| GENTIL JOSE FERREIRA<br>DILZA FERREIRA<br>        Debtors, | CASE NO. 12-43377 MEH 13<br>**TRUSTEE'S OBJECTION TO ATTORNEYS' APPLICATION FOR ADDITIONAL FLAT FEE FOR MOTION TO AVOID JUDICIAL LIEN** |
| _____/ | |

    Martha G. Bronitsky, Chapter 13 Standing Trustee ("Trustee"), objects to attorney's Application for Additional Flat Fee for Motion to Avoid Judicial Lien.

    The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

Case: 12-43377    Doc# 49    Filed: 10/01/12    Entered: 10/01/12 10:49:36    Page 1 of 3

**ATTORNEY ONLY PERMITTED $1,500 FLAT FEE FOR MOTIONS TO AVOID LIENS**

**PURSUANT TO 11 U.S.C. §506**

1. This case was filed on April 17, 2012 and the Debtors are represented by Max Cline.
2. The Debtors obtained an order avoiding Discovery Bank's judicial lien on July 9, 2012. (Doc. #38).
3. The Application for Additional Fees requests $1,500 for the order on the motion to avoid Discovery Bank's judicial lien. (Doc. #47).
4. The Oakland Division Guidelines ("Guidelines") allow an additional $1,500 flat fee for orders on motions to value liens pursuant to 11 U.S.C. §506.
5. The Guidelines do not permit an additional flat fee for motions to avoid judicial liens pursuant to 11 U.S.C. §522.
6. There is no evidence to support the conclusion that an additional flat fee is permitted for §522 motions based solely on the fact that the Rights and Responsibilities states that motions to avoid liens may be filed "where appropriate" and that the Guidelines allow the flat fee for §506 motions.
7. In the absence of a specific rule or Guideline allowing an additional flat fee for judicial liens, the attorney must file a fee application detailing all the work performed from the beginning of the case.
8. The application should be denied because allowing a flat fee for this §522 motion would set a precedent for other cases that goes beyond what is permitted in the Guidelines.

**CONCLUSION**

WHEREFORE, the Trustee respectfully objects to the attorney's Application for Additional Flat Fee for Motion to Avoid Judicial Lien.

RESPECTFULLY SUBMITTED

October 1, 2012 /s/Martha G. Bronitsky 5909
DATE Martha G. Bronitsky, Esq.
Chapter 13 Standing Trustee