Max Cline, Esq. SBN 55533
Jason Cline, Esq. SBN 236531
Melanie Tavare, Esq. SBN 255581
Andrew Christensen, Esq. SBN 260748
The Cline Law Group
1300 Clay St. #600
Oakland, CA 94612
(510) 464-8068

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| In the Matter of: | ) Case Number 12-43377 MEH 13 |
|---|---|
| Gentil Jose Ferreira | ) Chapter 13 |
| Dilza Ferreira | ) Response to Trustee's Objection to |
| Debtors | ) Application for Additional Flat Fee for Motion to Avoid Judicial Lien |

Andrew Christensen, Esq. as attorney of record for Gentil Jose Ferreira and Dilza Ferreira, Debtors herein, replies to the Trustee's Objection as follows:

1. The Trustee filed an Objection to Attorney's Application for Additional Fees on October 1, 2012. The Trustee's objection states that the Guidelines do not specifically provide for a $1,500.00 flat fee for motions to avoid judicial liens under 11 U.S.C §522, and therefore the Court should not allow the fee. The Trustee is correct that the fee Guidelines do not specifically mention anything about avoiding judicial liens under §522, which is the reason this Application was made and set for a hearing—because the compensation allowed under the Guidelines does not sufficiently compensate counsel for the time and expense of filing motions to avoid judicial liens under §522.

2. Section 4 of the Guidelines provides that if debtor's counsel has opted into the no-look fee by filing the Rights and Responsibilities form, but the initial fee is not sufficient to fully compensate counsel, then counsel may apply for additional fees. In this case, counsel has opted into the no-look fee structure. However, because the initial fees under the

Guidelines do not fully compensate counsel for the amount of work and expense involved in filing a motion to avoid a lien under §522, counsel filed this Application for Fees.

3. The Guidelines do not specify anything regarding fees for avoiding liens under §522. They do not specifically provide for an additional flat fee, nor is there any indication that this work is covered by the general no-look fee of $4,800.00. Nor is there any specific mention of the issue in the Rights and Responsibilities form. Furthermore, motions avoiding judicial liens are required in only relatively few cases, and cannot be considered a standard service necessary in every case that would therefore be covered by the general no-look fee.

4. When Fee Applications are made, they should be evaluated under the reasonableness standard of 11 U.S.C § 330 which governs compensation of professionals. This section provides that a court may allow reasonable compensation to the debtor's attorney. This Application requests that this Court award a fee of $1,500.00 for a motion to avoid a judicial lien under §522 in this case because it is a reasonable fee.

5. The Guidelines state that there is a form application "attached hereto" that may be used when applying for additional fees, but counsel was unable to locate that form. Counsel searched the Court's website extensively, called the Help Desk, and even went physically to the clerk's office to request the form, but was unable obtain the form.

6. The rule that governs attorney fees in bankruptcy is 11 U.S.C § 330 (a)(4)(B). It provides that this Court may "allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." The other factors referred to are:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

7. Applying these reasonableness factors to the matter at hand leads to the conclusion that a fee of $1,500.00 is reasonable for a motion to avoid a judicial lien under §522 utilizing the notice and opportunity for a hearing procedure. In this case, the factors of the statute can be applied as follows: §330(a)(3)

   (a) The time spent on such services: the amount of time spent on this service is substantial, and includes preparing and filing a motion, a memorandum of points and authorities, a declaration of the debtor, exhibits, notice and opportunity served on the creditors, and then uploading an order and request for default after 21 days. It requires identifying the proper creditor, researching the correct address for service of process, getting copies of all deeds of trust and liens against the property from the County Recorder's Office, and often serving the creditors through certified mail.

   (b) The rates charged for such services: the customary rate charged for this service is $1,500.00. This is the amount counsel charges for the same service in chapter 7 cases, as well as chapter 13 cases. Our clients have agreed to this fee in the retainer agreement. Furthermore, the Guidelines serve as a reference point on this matter, because they grant a $1,500.00 fee for avoiding liens under §506 using notice and opportunity procedures, which is a nearly identical amount of time, effort, and expense for debtor's counsel as avoiding judicial liens under §522. This Court recognized the reasonableness of a $1,500.00 fee for this service when it enacted the Guidelines.

   (c) Whether the services were necessary: in this case, the judicial lien was attached to the debtor's real property, and would have otherwise survived the bankruptcy

without the motion to avoid it, so the service was necessary.  Similarly important in this regard is the fact that while it was necessary in this particular case, avoiding judicial liens is not required in most chapter 13 cases, and cannot be considered as a standard service for all cases that is covered by the standard no-look fee.

(d) Whether the services were performed within a reasonable amount of time:  This motion was timely and competently prepared, filed, and an order obtained within the amount of time it normally takes counsel to prepare these motions.

(e) Whether counsel is competent in bankruptcy practice:  our office has been in bankruptcy practice for 40 years and has filed many motions avoiding judicial liens.

(f) Whether compensation is reasonable based on customary compensation:  $1,500.00 is a customary fee for motions to avoid liens utilizing notice and opportunity procedures in this district.  Again, in this respect the Guidelines themselves are an instructive reference point because they establish that $1,500.00 is a reasonable and customary fee for avoiding liens under §506 with notice and opportunity procedures.  The Guidelines recognize that avoiding liens is a significant amount of work that is not necessary in all cases, and that the regular no-look fee is not sufficient to compensate counsel for it, and therefore it merits an additional fee.

8. Based on the above analysis and application of the reasonableness factors of §330 to the specifics of this case, counsel believes that $1,500.00 is a reasonable fee for motions to avoid judicial liens under §522.

9. This Court developed and implemented the Guidelines to streamline and simplify the process of awarding attorney fees to avoid the necessity of tracking hours and making extensive and complicated fee applications for each case, which is a time consuming process for both attorneys and the Court.   The Guidelines also reflect the fact that the majority of debtor's attorneys operate on a flat fee structure.

10. In implementing the Guidelines, this Court reviewed the reasonableness factors of §330 and determined that $1,500.00 is a reasonable fee for motions to avoid liens using notice and opportunity procedures. Counsel agrees with this Court and we believe that the Guidelines accurately assess that $1,500.00 is a fair and reasonable attorney fee for this work.

11. It is a common local practice for applications for additional fees beyond the Guidelines to demonstrate contemporaneous time records to show that the entire $4,800.00 no-look fee has been exhausted. However, in this particular case, a flat fee is being requested because tracking hours is unduly burdensome on counsel and on the Court for motions avoiding judicial liens for a number of reasons. First, the Guidelines demonstrate the consensus that flat fees are favored for their simplicity and efficiency. Second, avoiding judicial liens is not a service covered in the general no-look fee of $4,800.00 because it is not expressly included, it is a significant amount of work that is not required in all cases, and the Guidelines provide an additional flat fee for an essentially identical service, so it should not be required to show that the no-look fee was used up on a service that it does not cover. Third, because the Guidelines already provide a specific fee for a nearly identical service for avoiding lines under §506, they serve as a useful reference point for determining the reasonableness of the $1,500.00 fee requested in this case. Fourth, demonstrating time records for fee applications is a procedure better suited for situations where standard services required in most cases take longer than normal for whatever reason, or for unusual circumstances or unforeseen or unique difficulties that do not readily lend themselves to a flat fee structure. Fifth, this Court is not bound by the Guidelines when awarding attorney fees, and may grant any fee that it deems to be reasonable. And finally, tracking hours for all cases where avoiding judicial liens is required would be an unduly burdensome procedure that should not be required in order to get paid for these motions because it is outside the normal practice of the majority of debtor's attorneys, would undermine the usefulness and purposes of the Guidelines, and would likely result in the increase of costs of such cases, ultimately raising the fees that

debtors pay. These types of applications will also unduly burden this Court with the task of reviewing and holding hearings on these detailed applications.

WHEREFORE, Max Cline as attorney for the Debtors prays for an order allowing an additional flat fee of $1,500.00 for the motion to avoid judicial lien in this case.

Dated: October 11, 2012 /s/ Andrew Christensen

                                                                             Andrew Christensen

                                                                             Attorney for Debtors